UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MONICA LEHR AND MICHAEL LEHR, | * | CIVIL ACTION NUMBER: |
| INDIVIDUALLY AND ON BEHALF OF | * | |
| THEIR MINOR CHILDREN, | * | |
| EMMIE LEHR AND JASE LEHR | * | |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| WAL-MART STORES, INC., ET AL | * | MAGISTRATE JUDGE |

*************************************************************************

## NOTICE OF REMOVAL AND REQUEST FOR TRIAL BY JURY

Wal-Mart Louisiana, LLC (erroneously referred to as Wal-Mart Stores, Inc.), Defendant in the State suit brought by Monica Lehr, Docket Number C-2016-0450 "A" in the Thirty-Sixth Judicial District Court in and for the Parish of Beauregard, State of Louisiana, files this Notice of Removal to remove the case from the Thirty-Sixth Judicial District Court in and for the Parish of Beauregard, State of Louisiana, in which it is now pending, to the United States District Court for the Western District of Louisiana.

I.

This case was commenced in the Thirty-Sixth Judicial District Court in and for the Parish of Beauregard, State of Louisiana, on May 16, 2016 by Monica Lehr and Michael Lehr, individually and on behalf of their minor children, Emmie Lehr and Jase Lehr, against Wal-Mart Louisiana, LLC.

II.

Process was served on Wal-Mart Louisiana, LLC, on June 2, 2016, as per copy of the Petition, Citation, and notice of service attached hereto as Exhibit "A" *in globo*.

III.

Plaintiff's action is one of a civil nature in which she seeks to recover from Defendant damages and court costs plus legal interest for injuries received when she was allegedly injured in a slip and fall accident on May 14, 2015 at the Wal-Mart Store located in DeRidder, Louisiana.

IV.

The said civil action as against the removing Defendant is one in which the District Courts of the United States have original jurisdiction by virtue of the fact that there is diversity of citizenship between the parties and by virtue of the fact that the amount in dispute exceeds the amount of $75,000.00, exclusive of interest and costs.

V.

Defendant Wal-Mart Louisiana, LLC is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas, and its sole member or owner being Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas and which is composed of two partners, namely WSE Management, LLC (GP) and WSE Investment, LLC (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas, and the sole member of said two limited liability companies is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in Bentonville, Arkansas. All shares of stock in Wal-Mart Stores East, Inc. are owned by Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

VI.

The plaintiff is alleging that as a result of her accident at Wal-Mart, she sustained injuries to her left foot and left ankle. The plaintiff did indicate in her petition that the amount in controversy does not exceed $75,000.00. However, on June 23, 2016, subsequent to the filing of Plaintiff's petition, undersigned counsel sent to plaintiff's counsel Request for Admissions, requesting that the plaintiff admit that the amount in dispute does not exceed $75,000, exclusive of interest and costs. On July 7, 2016, plaintiff's counsel sent to undersigned counsel Responses to Request for Admissions, attached hereto as Exhibit "B", wherein the plaintiff will not admit to her damages totaling less than $75,000. Additionally, the plaintiff refused to stipulate that she would not seek to enforce a judgment against the defendant in excess of $75,000, exclusive of interest and costs.

VII.

According to Plaintiff's medical records received from Plaintiff's counsel on July 21, 2016, as a result of her fall at Wal-Mart on May 14, 2015, Plaintiff went to the Beauregard Memorial Hospital Emergency Room. She complained of left knee and ankle pain. She was prescribed Motrin/Norco. The clinical impression was a myofacial strain/sprain. Scans of the left knee were performed with four or more views that showed no displaced fracture, dislocation, or joint effusion. Scans of the left ankle were performed and showed no apparent displaced fracture, dislocation, or joint effusion. There was no degenerative change noted. There was no visible bony destruction.

VIII.

On May 28, 2015 at Beauregard-Vernon MRI, Plaintiff had an MRI of the left ankle. The findings showed the anterior talofibular ligament appears somewhat thinned and attenuated towards the fibular attachment. The talofibular ligament was suspected to have been previously

injured. There was a small tibiotalar joint effusion. The impression was thinning of anterior talofibular ligament towards the fibular attachment which is likely the result of a remote sprain/partial tear. There was also evidence of a previous sprain or partial tear of the calcaneaofibular ligament.

IX.

On June 5, 2015, Plaintiff began seeing Dr. Wallace Weatherly at Orthopedic Associates of Southwest Louisiana. She was referred to him by her primary care physician, Dr. Taylor. Her initial visit showed a decreased range of motion of the left ankle, pain in ankle, and swelling. An examination of the left ankle revealed tenderness, pain, swelling, and abnormal range of motion. The plan was a Three Phase Bone Scan of a single body area.

On her June 23, 2015 visit, tenderness, pain, and abnormal range of motion were present. The plan was to conduct a Uric Acid test for acute gout of the ankle and a CT of the ankle without contrast.

The plaintiff returned to Dr. Weatherly on July 15, 2015. Decreased range of motion and joint pain were present. Blood work was ordered in search of inflammation or infection. Plaintiff was referred to Physical Therapy. Plaintiff was started on a Medrol Dosepak. On July 27, 2015, it was noted that the course has been without change for nine weeks. The plaintiff had a decreased range of motion and joint pain. Previous blood work showed no inflammation or infection. MRI, CT, and bone scans had been inconclusive. The plaintiff was directed to begin the Medrol Dosepak and "aggressive" physical therapy. Plaintiff was still found to be "quite stiff" and symptomatic in her left foot subtalar joint.

On August 3, 2015, Plaintiff began Physical Therapy at Beauregard Memorial. The primary diagnosis at time of physical therapy was an Ankylosis of the ankle joint. Dr. Weatherly, the referring physician, ordered inversion/eversion treatment of the subtalar joint.

Plaintiff reported a current 7 out of 10 pain level, a 10 out of 10 pain level at its worst, and a 3 out of 10 pain level at its best. The assessment from physical therapy revealed that the plaintiff presents with a decreased range of motion and pain in all available planes. Frequency and duration of therapy is listed as three times a week for four weeks.

On August 4, 2015, Plaintiff reported a 3 out of 10 pain. Plaintiff was treated with Interferential Current Therapy, Range of Motion/Flexibility, and Ice/Heat. On August 13, 2015, Plaintiff reported a 6 out of 10 pain with strengthening, Range of Motion/Flexibility, and Ice/Heat treatment. After four missed physical therapy appointments, Plaintiff resumed physical therapy on August 24, 2015. She complained of increased pain with dorsiflexion isometrics. She reports a 5 out of 10 pain level.

Plaintiff presented at her September 2, 2015 appointment with Dr. Weatherly with decreased range of motion, joint pain, and joint swelling. Dr. Weatherly indicated that the plaintiff was "exquisitely" tender in her ankle. <u>Over the lateral aspect there was swelling and tenderness consistent with a peroneal tendon tear. Dr. Weatherly suggested that the plaintiff may need exploratory surgery on the tendon. Her exam was found to be most consistent with a peroneal tendon tear.</u> If Plaintiff were to have continued pain after three weeks of dedicated therapy, there would be further discussion of surgical exploration. Plaintiff was discharged from physical therapy on September 16, 2015 due to non-compliance. On September 23, 2015, Plaintiff still had joint pain of her left ankle. The ankle was found to be quite stiff in the forefoot. The peroneal tendons were still tender on the lateral aspect. She was found to have weakness with plantar flexion.

Plaintiff's primary care physician, Dr. Taylor, referred her to Dr. Jeffrey Traina. On November 27, 2015. Dr. Traina reported that Plaintiff had been in pain for six months. The pain was noted as radiating, sharp, associated with shooting sensations, constant, stabbing, associated

with swelling, associated with throbbing, and aching and associated with bruising. Plaintiff had a limited range of motion, foot pain, and swelling. Plaintiff reported difficulty standing, walking, and sitting. Dr. Traina finds Plaintiff's condition to have worsened since last visit. Dr. Traina will continue her on Neurontin, Tramadol, and Mobic. Dr. Traina noted that Plaintiff stated she had tried physical therapy without benefit and the therapy actually made her ankle worse.

On January 21, 2016, Dr. Traina found that the plaintiff had Reflex Sympathetic Dystrophy of the lower limb that was inadequately controlled. The plaintiff was found to still be symptomatic and that she could not take Tramadol. Dr. Traina planned to refer Plaintiff to Dr. Fairbanks to see if he will consider an epidural steroid block. Plaintiff clinically appeared to have complex regional pain syndrome. Plaintiff was still complaining of neurogenic pain. Dr. Traina planned to continue therapy.

On February 22, 2016, Plaintiff had 3 out of 10 ankle pain. She had been treated with Ultram and a brace. She reported difficulty standing and walking. The left ankle and joints of the left foot were painful. Plaintiff had persistent pain/swelling and was not responding to conservative therapy. Plaintiff was still diffusely tender. There was a questionable occult injury and questionable complex regional pain syndrome. Plaintiff was found to have had symptoms for over nine months with failure of mobilization physical therapy, anti-inflammatories, and pain medications.

X.

On July 21, 2016, Defendant was advised that the plaintiff received a Left Lumbar Sympathetic Block for her left ankle pain from Dr. Traina. Plaintiff's medical records, which were received from Plaintiff's counsel on July 21, 2016, have been attached to this Removal Notice as Exhibit "C" and are incorporated herein as if copied *in extenso*. This was Defendant's first notice that this case was removable to Federal Court.

XI.

Furthermore, it is believed Plaintiff's medical bills at this time exceed $10,000. Louisiana jurisprudence has awarded general damages alone for injuries and treatment without surgery such as those Plaintiff has alleged in excess of $55,000, (See e.g. *LeMasters v. Boyd Gaming Corp.*, 04-1054 (La.App. 5 Cir. 2/15/05); 898 So.2d 497, where in the plaintiff was awarded $60,000 in general damages after being struck by a slot machine door and developing Reflex Sympathetic Dystrophy; *Francois v. Holiday Inn, Inc.*, 95-2519 (La.App. 4 Cir. 7/3/96); 678 So.2d 55, wherein the plaintiff was awarded $60,000 in general damages for an ankle contusion, possible hairline fracture, was placed in a cast for two years with injections, had residual flare-ups, and the court ruled the plaintiff had an unnecessary surgery).

XII.

The medical records attached contain some personal identifiers of Plaintiff.  Therefore, Defendant respectfully requests that this Honorable Court seal Plaintiff's medical records to protect her personal privacy.

XIII.

Plaintiff is claiming damages for past medical expenses; future medical expenses; for injuries to the bones, muscles, ligaments, tendons, nerves, and soft tissue of her left foot; for injuries to the bones, muscles, ligaments, tendons, nerves, and soft tissue of her left ankle; for past, present, and future pain and suffering; for lost wages; loss of future earning capacity; emotional distress, and for loss of quality of life. Michael Lehr is claiming damages for loss of marital services; loss of love and affection; loss of companionship; loss of support; impairment of sexual relations; loss of aid and assistance; and loss of felicity and loss of consortium with his wife, the plaintiff. Emmie Lehr is claiming damages for loss of love and affection; loss of services and consortium of her mother, the plaintiff. Jase Lehr is claiming damages for loss of

love and affection; loss of services and consortium of his mother, the plaintiff. Therefore, based upon Plaintiff's past medical bills, future medical bills, and general damages for similar injuries, the amount in dispute exceeds $75,000.00. For these reasons, it appears that the amount in controversy exceeds the jurisdictional amount required for a Federal jury trial.

XIV.

At the time of the commencement of this action, and at all times since that time, Plaintiff, Monica Lehr, was a citizen and resident of and domiciled in the Parish of Beauregard, State of Louisiana, as appears from Plaintiff's Petition filed in State Court. Defendant, Wal-Mart Louisiana, LLC, was and still is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas, and its sole member or owner being Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas and which is composed of two partners, namely WSE Management, LLC (GP) and WSE Investment, LLC (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas, and the sole member of said two limited liability companies is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in Bentonville, Arkansas. All shares of stock in Wal-Mart Stores East, Inc. are owned by Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

XV.

Upon the filing of this Notice of Removal and Request for Trial by Jury, written notice thereof is being given to all adverse parties, and a copy of this notice is being filed with the Clerk of Court of the aforesaid State Court to effect the removal of the civil action, all as provided for by law.

XVI.

This cause is specifically removable to this Honorable Court pursuant to law, particularly the provision of 28 U.S.C. § 1441, et seq.

XVII.

Defendant, Wal-Mart Louisiana, LLC, reserves all rights to object to the jurisdiction of the State Court proceedings should this Court ultimately hold that this action was not removable or improperly removed thereto.

XVIII.

Defendant requests a trial by jury on all issues triable by jury.

WHEREFORE, Defendant, Wal-Mart Louisiana, LLC, prays that the aforesaid civil action be removed from the Thirty-Sixth Judicial District Court for the Parish of Beauregard, State of Louisiana, into this Court for trial and determination as provided by law, particularly, 28 U.S.C. § 1441, *et seq.*, and thereupon to proceed with said civil action as though originally commenced in this Court and for all orders and decrees as may be necessary or appropriate in such cases made and provided. Defendant further prays for a trial by jury.

Defendant, Wal-Mart Louisiana, LLC, further prays that the medical records attached hereto as Exhibit "C" be sealed to protect the personal privacy of Plaintiff.

Respectfully submitted,

**DAVIDSON, MEAUX, SONNIER,
McELLIGOTT, FONTENOT,
GIDEON & EDWARDS, L.L.P.**

*s/Philip A. Fontenot, #16918*
PHILIP A. FONTENOT, #16918
HALLIE P. COREIL, #33784
DAVID J. CALOGERO, #1748
810 South Buchanan Street
Post Office Box 2908
Lafayette, Louisiana  70502-2908
Telephone:     (337) 237-1660
Facsimile:      (337) 237-3676

Attorneys for Wal-Mart Louisiana, LLC

### CERTIFICATE

I HEREBY CERTIFY that on this 27th day of July, 2016, a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system and that a copy of this filing has this day been forwarded to all counsel of record by depositing same in the U.S. Mail, postage prepaid and properly addressed.

**DAVIDSON, MEAUX, SONNIER,
McELLIGOTT, FONTENOT,
GIDEON & EDWARDS, L.L.P.**

*s/Philip A. Fontenot, #16918*
PHILIP A. FONTENOT, #16918
HALLIE P. COREIL, #33784
DAVID J. CALOGERO, #1748
810 South Buchanan Street
Post Office Box 2908
Lafayette, Louisiana  70502-2908
Telephone:     (337) 237-1660
Facsimile:      (337) 237-3676

Attorneys for Wal-Mart Louisiana, LLC